GALVESTON, H. & S. A. RY. CO. v. BLANK-FIELD. (No. 7657.)

(Court of Civil Appeals of Texas. Galveston. March 13, 1919.)

1. WAR ⬤►10(2) — ALIEN ENEMIES — RIGHT TO MAINTAIN SUIT.

A proceeding for appointment of permanent administrator of the estate of a deceased, who left no property in the state, the only reason for the appointment being to prosecute a suit for the benefit of the heirs who are residents of Austria-Hungary, will be suspended until the end of the war, in view of Trading with the Enemy Act, § 7, cl. b (U. S. Comp. St. 1918, § 3115½d), denying to alien enemies the right to maintain suits in courts of the United States.

2. EVIDENCE ⬤►11—JUDICIAL KNOWLEDGE— EXISTENCE OF WAR.

The court will take judicial notice that, at the time a particular judgment was rendered, war existed between the United States and Austria-Hungary.

3. WAR ⬤►10(2) — STAYING PROCEEDINGS — GROUNDS.

The prosecution of a proceeding by an alien enemy being against public policy, it is the duty of the court to stay the proceeding when the fact that plaintiff is an alien enemy is made to appear at any stage of the proceeding, and it is not necessary that any plea or exception should be made by defendant.

4. WAR ⬤►10(2)—ALIEN ENEMIES—SUSPENSION OF SUIT.

While the court, upon the fact being made to appear that plaintiff was an alien enemy, might be authorized to dismiss the proceedings, the less harsh practice of suspending proceedings until the end of the war is now the proper practice.

Appeal from District Court, Galveston County; H. Clay Buggs, Judge.

Application by H. Blankfield for administration on the estate of Sam Molnar, deceased. Application granted, and the Galveston, Harrisburg & San Antonio Railway Company appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, and W. T. Armstrong and Eugene A. Wilson, both of Galveston, for appellant.

Marsene Johnson, Elmo Johnson, Roy Johnson, and Marsene Johnson, Jr., all of Galveston, for appellee.

PLEASANTS, C. J. This appeal is from a judgment of the district court of Galveston county appointing appellee permanent administrator of the estate of Sam Molnar, deceased.

The application for administration shows that the deceased left no property in this state, and that the only reason for the appointment of an administrator was to pros-ecute a suit for damages against the appellant for the benefit of the heirs of the deceased.

The undisputed evidence shows that the deceased, Sam Molnar, came to Galveston from Austria-Hungary about two years before his death in August, 1915, and that his wife and children for whose benefit this proceeding was instituted reside in Austria-Hungary.

[1] The first assignment of error presented in appellant's brief is as follows:

"The court erred in granting letters of administration upon the alleged estate of Sam Molnar, deceased, such administration being sought for the sole benefit of alien enemies in order that there may be prosecuted in their behalf an action at law in the district court of Galveston county, Tex., against a resident citizen of Texas; because such a proceeding in aid of litigation in behalf of such alien enemies was contrary to the meaning and purpose of that portion of section 7, clause (b), of the act of the United States Congress of October 6, 1917, known as the 'Trading with the Enemy Act,' denying to alien enemies the right to prosecute an action at law in any court within the United States."

This cause was tried and judgment rendered in the court below on November 15, 1917.

[2] The court will take judicial knowledge of the fact that at the time this judgment was rendered war existed between the United States and Austria-Hungary. The inhibition against the maintenance by an alien enemy of a suit in our courts is not found in any express provision of the act of Congress referred to in the assignment; but it is a well-settled rule of law of nations that the existence of war prevents a citizen of one of the belligerents from prosecuting a suit against a citizen of the other in the courts of the country of the defendant. Watts v. Unione Austriaca di Navigazione (D. C.) 224 Fed. 188. The rule is based upon the obvious ground that it is contrary to public policy for the courts of a belligerent country to render any assistance to an alien enemy to enforce claims or recover property from a citizen of such belligerent. To permit suits to be prosecuted by alien enemies against a citizen for the recovery of money or property would be injurious to the government, in that it tends to increase the resources of the enemy country, and to that extent give aid and assistance to the enemy.

We do not think it can be doubted that this rule applies as well to proceedings of this kind, instituted for the purpose of creating an agency or representative of an alien enemy in order that such representative can bring suit to recover money or property for the alien, as to a suit brought directly for such recovery.

Section 7 of the Trading with the Enemy Act (Act Oct. 6, 1917, c. 106, 40 Stat. 416

⬤►For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[U. S. Comp. St. 1918, § 3115½d]) is as follows:

"Sec. 7. Nothing in this act shall be deemed to authorize the prosecution of any suit or action at law or in equity in any court within the United States by an enemy or ally of enemy prior to the end of the war, except as provided in section ten hereof. * * *"

Section 10 (section 3115½ee) refers exclusively to certain litigation relative to patents, copyrights, etc.

From this section of the statute it is apparent that there is nothing in the statute which relieves the appellee in this case from the disability imposed by the general rule of international law above stated.

It is clear from the reason upon which the rule is founded that it applies with the same force to an alien beneficiary of a suit as it does to an alien party to the proceedings. Crawford v. The William Penn, Pet. C. C. 107, 108, Fed. Cas. No. 3,372.

[3, 4] The prosecution of this proceeding by an alien enemy being against public policy, it is the duty of the courts to stay the proceedings when the fact that the plaintiff is an alien enemy is made to appear at any stage of the proceedings, and it is not necessary that any plea or exception to the proceedings should have been made by the defendant. While the court, upon the fact being made to appear that the plaintiff was an alien enemy, might be authorized to dismiss the proceedings, the less harsh practice of suspending the proceedings until the end of war is now the proper practice. Watts v. Unione Austriaca Di Navigazione, 248 U. S. 9, 39 Sup. Ct. 1, 63 L. Ed. ——.

For the reason indicated, the judgment of the court below is reversed, and the cause remanded for trial after the war between the United States and Austria-Hungary shall have been ended.

Reversed and remanded.